27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie Aubrey McALLISTER, Defendant-Appellant.
 No. 93-5846.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-93-20-F)
 John A. Dusenbury, Jr., Assistant Federal Public Defender, Raleigh, NC, for appellant.
 Janice McKenzie Cole, U.S. Atty., John S. Bowler, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Eddie Aubrey McAllister pled guilty to two counts of bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994). He was sentenced as a career offender to a term of 151 months. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992). McAllister appeals his sentence, contending that the district court erroneously believed it lacked the authority to depart downward under guideline sections 5K2.11 (Lesser Harms) and 5K2.12 (Coercion and Duress). He also claims that the district court erred in refusing to depart downward on the ground that career offender status overstated his criminal history. See U.S.S.G. Sec. 4A1.3. We affirm in part and dismiss in part for the reasons explained below.
 
 
 2
 In his sentencing memorandum to the district court, McAllister alleged that he committed both robberies solely to obtain money to pay off a drug debt, and did so at the suggestion of the person to whom he owed the money, because he was in fear of his life. He requested a departure under guideline sections 5K2.11, 5K2.12, and 4A1.3. His sentencing memorandum discussed the guidelines and relevant case law and made abundantly clear the district court's authority to depart if it believed the circumstances warranted a departure.
 
 
 3
 Resentencing is required when the sentencing court's refusal to depart is based on an erroneous belief that it lacks the authority to depart. United States v. Wilson, 896 F.2d 856, 858-59 (4th Cir.1990). Construing the district court's remarks during sentencing in the light most favorable to McAllister, United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992), we find no indication that the court did not understand its authority to depart. The court simply was not persuaded to depart, and exercised its discretion to sentence McAllister within the guideline range.
 
 
 4
 McAllister does not contend that the district court failed to understand its authority to depart under guideline section 4A1.3; he argues instead that the court should have departed, and erred in failing to make factual findings to support its decision not to depart. Fact finding was unnecessary because appellate review of a decision not to depart is not available. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 5
 We therefore affirm the sentence imposed in the district court. The portion of the appeal which contests the district court's refusal to depart under guideline section 4A1.3 is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART