67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Ray COLE, Defendant-Appellant.
 No. 93-5951.
 United States Court of Appeals, Fourth Circuit.
 Sept. 13, 1995.
 
 Douglas W. Kenyon, HUNTON & WILLIAMS, Raleigh, North Carolina, for Appellant.
 Janice McKenzie Cole, United States Attorney, John Howarth Bennett, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before WILKINS and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Ray Cole pled guilty to unlawful possession of a machinegun, 18 U.S.C.A. Sec. 922(o)(1) (West Supp.1995), and received a 24-month sentence. He appeals his sentence on the ground that the district court erred in deciding that it lacked authority to depart downward either because of the unusual circumstances of his arrest, United States Sentencing Commission, Guidelines Manual, Sec. 5K2.0, p.s. (Nov.1992), or because his conduct involved a lesser harm. USSG Sec. 5K2.11. While a decision not to depart is normally not appealable, United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990), an appeal may be entertained if the district court's decision was based on an erroneous belief that it lacked the authority to depart. United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992). Because our review of the record discloses that the district court understood its authority to depart and exercised its discretion in deciding not to depart, we affirm the sentence.[1]
 
 
 2
 Cole purchased a Mac-11 pistol and had it repaired. He then discovered that it was fully automatic. Cole's father advised him to get rid of the gun, but Cole did not. However, Cole told his brother-in-law, John Altis, an informant for the Drug Enforcement Administration (DEA), that he did not want a fully automatic weapon. Altis said he knew someone who would modify the gun so that it would be semi-automatic and legal, and took the Mac-11 from Cole in exchange for a .45 caliber pistol. Altis subsequently told Cole he did not want the Mac-11, and asked Cole to come and get it and to bring some marijuana with him. Altis then notified the DEA that Cole would be in possession of marijuana and a fully automatic weapon on November 6, 1992. On that day, having arranged for a gun shop to order the part needed to modify the Mac-11 to make it semiautomatic, Cole retrieved the gun from Altis and was arrested. The gun was loaded but wrapped in plastic. Cole did not possess any drugs at the time.
 
 
 3
 After his guilty plea, Cole requested a downward departure from the guideline range of 24-30 months on the ground that he had been set up by Altis, and because he had intended to have the pistol modified to make it semi-automatic.
 
 
 4
 In the sentencing hearing, the district court expressed disapproval of the manner in which Cole was arrested, but stated that his intention to alter the gun was not significant. The court also noted that Cole had a drug problem, a fact defense counsel conceded.[2] The district court found that there was no basis for a departure on the information which had been presented, stating, "I don't think I have the authority to make a departure based on the information that's been given." The court also stated that a departure would not be in Cole's best interest, because he needed drug treatment. The district court imposed a sentence at the low end of the guideline range, with a recommendation for substance abuse treatment, and opted for the maximum 3-year term of supervised release. The court then decided to recommend Cole for shock incarceration, because that program might result in his earlier release.
 
 
 5
 The record as a whole reveals that the district court considered Cole's request for a departure and understood its legal authority to depart, but exercised its discretion in deciding that the circumstances did not warrant a departure. Such an exercise of discretion is not reviewable under 18 U.S.C.A. Sec. 3742(a)(1)-(2) (West 1985 & Supp.1995).
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although Cole has finished serving his term of imprisonment, his appeal is not moot because he is now serving a 3-year term of supervised release, which could be affected by the outcome of the appeal. See United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991). Supervised release is not mandatory for a violation of 18 U.S.C.A. Sec. 922(o). See 18 U.S.C.A. Sec. 924(a)(2) (West Supp.1995). A supervised release term of two to three years was required in Cole's case under guideline sections 5D1.1(a) and 5D1.2(b)(2) because the sentence imposed was more than one year
 
 
 [2]
 Cole's bond had been revoked because he twice tested positive for cocaine use, and he had reportedly failed to complete a drug treatment program in the past