UNITED STATES of America,
Plaintiff–Appellee,

v.

Danny Ray HALL, Defendant–Appellant.

No. 92–5124.

United States Court of Appeals,
Fourth Circuit.

Argued July 9, 1992.

Decided Sept. 29, 1992.

David Benjamin Smith, Jacobovitz, English & Smith, Alexandria, Va., argued, for defendant-appellant.

Ray Burton Fitzgerald, Jr., Office of the U.S. Atty., Roanoke, Va., argued (E. Montgomery Tucker, U.S. Atty., Jerry W. Kilgore, Sp. Asst. U.S. Atty., Abingdon, Va., on brief), for plaintiff-appellee.

Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

Danny Ray Hall pled guilty to conspiring to manufacture marijuana. *See* 21 U.S.C.A. §§ 841(a), 846 (West 1981 & Supp. 1992). He appeals his sentence, arguing that the district court erred in concluding that it could not depart downward on the basis of more lenient sentences imposed in state and federal courts on his coconspirators. In the alternative, he contends that if this is not a proper basis for departure, the district court nevertheless erred in failing to consider his coconspirators' sentences in determining the extent of a departure that was based on his substantial assistance. He also asserts that the district court should not have included a prior conviction for carrying a concealed weapon as a "prior sentence," *see* United States Sentencing Commission, *Guidelines Manual,* § 4A1.1 (June 1988), for purposes of calculating his Criminal History Category and that the court should have departed downward because his criminal history over-represents the seriousness of his past criminal conduct. Finally, Hall argues that we should remand for resentencing because the Government allegedly breached his plea agreement. We reject these claims and affirm.

## I.

In early September 1988, the Southwest Virginia Regional Narcotics Task Force raided an abandoned coal mine on Red Onion Mountain in Dickenson County, Virginia. Authorities found paraphernalia for growing marijuana, as well as various personal items. At the conclusion of the investigation eight individuals, including Hall, were indicted in a Virginia circuit court on state charges. Excluding Hall and one other coconspirator, Gary Nowlin, these coconspirators were sentenced in state court to sentences ranging from 25 years, suspended to 12 years, to a totally suspended sentence. All of those who received sentences of imprisonment were paroled from state custody after serving

from three months to two and one-half years. Nowlin was indicted, pled guilty, and was sentenced in federal court to six months of imprisonment. This sentence resulted from a departure from Nowlin's applicable guideline range of 33–41 months following a motion by the Government for a reduction in sentence based on his substantial assistance.

Hall avoided prosecution on state charges by testifying at a coconspirator's state bond hearing and obtaining transactional immunity under Virginia law. *See* Va.Code Ann. § 18.2–262 (Michie 1988). A federal grand jury ultimately indicted Hall.[1] He entered into a plea agreement under which the Government agreed to move the court pursuant to U.S.S.G. § 5K1.1 for a departure from the applicable guideline range based on his substantial assistance.

At sentencing, the district court determined that Hall's base offense level was 22. *See* U.S.S.G. §§ 2D1.1(a)(3), 2D1.4(a). The court increased this offense level by four levels for Hall's role in the offense, *see* U.S.S.G. § 3B1.1(a), and decreased it by two levels based on his acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), yielding an adjusted offense level of 24. A presentence investigation revealed numerous prior convictions, including one for carrying a concealed weapon, *see* Va.Code Ann. § 18.2–308 (Michie Supp.1992). Regarding this conviction, Hall claimed that a state law enforcement agent had advised him to carry a weapon for protection shortly after he began cooperating with authorities. The district court agreed with the presentence report, which recommended that this offense be included in computing Hall's Criminal History Category. *See* U.S.S.G. § 4A1.1. As agreed the Government moved for a downward departure from the applicable guideline range based on Hall's substantial assistance. Hall requested that the district court also consider the sentences received and served by his coconspirators in determining whether and

---

**1.** Federal proceedings against Hall were delayed pending resolution in state court of a question

surrounding Hall's transactional immunity.

how far to depart. The district court granted the substantial assistance motion and departed downward from the applicable guideline range of 57–71 months, *see* U.S.S.G. Ch. 5, Pt. A, sentencing Hall to 30 months imprisonment.[2] In doing so, it refused to consider the sentences received by Hall's coconspirators.

## II.

Hall contends that in arriving at his sentence the district court erred in concluding that it could not depart from the applicable guideline range based on the punishment received by his coconspirators. Acknowledging that the district court departed downward based on substantial assistance, but that it declined to depart on the basis of coconspirator sentencing disparity, Hall claims that if the court had recognized this latter rationale as a valid, independent basis for departure it would, or at least may, have departed further. Hall also maintains that even if the sentences imposed on his coconspirators are not a valid, independent basis for departure, once the district court departed based on substantial assistance, it erred in not considering the sentences imposed on or actually served by his coconspirators in determining the extent of the departure.

## A.

A discretionary refusal to depart by a district court is not reviewable on appeal. *See United States v. Bayerle*, 898 F.2d 28, 30–31 (4th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990). However, if the sentencing court bases its refusal to depart upon a perceived lack of legal authority to do so, a defendant may appeal. *Id.* at 31; *see* 18 U.S.C.A. § 3742(a)(1)–(2) (West 1985 & Supp.1992). In this event, the decision of the district court is a legal one, *see* 18 U.S.C.A. § 3742(a)(1)–(2), which we review de novo.

The parties disagree as to whether the district court viewed the sentences imposed on Hall's coconspirators as a proper basis for departure. Hall claims that the district court believed that it could not depart on this basis. The Government, on the other hand, maintains that the district court believed that it was authorized to depart in order to achieve uniformity in the defendant's sentence and those of his coconspirators but simply exercised its discretion by refusing to do so. Construing the statements of the sentencing court in the light most favorable to Hall, *see United States v. Wilson*, 896 F.2d 856, 858–59 (4th Cir. 1990), we find that the district court ruled that it lacked the authority to depart on the basis of coconspirator sentencing disparity. Thus, Hall's appeal is reviewable.

## B.

Noting that in imposing sentence a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C.A. § 3553(a)(6) (West Supp.1992), Hall contends that *any* disparity in the sentences imposed on codefendants and coconspirators is unwarranted. From this premise, he argues that the disparity between his applicable guideline range and the sentences imposed on his coconspirators was unwarranted sentencing disparity that the district court was required to consider in determining whether to depart from Hall's guideline range. We disagree.

A district court must impose a sentence within a defendant's guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (West Supp.1992); *see* U.S.S.G. § 5K2.0, p.s. The first inquiry in determining if departure on a given basis is appropriate, then, is to determine whether the Sentencing Commission adequately considered the

---

**2.** The court also imposed a three-year period of supervised release following imprisonment, a $2,500 fine, and a $50 special assessment. Hall does not challenge these portions of his sentence.

circumstance in formulating the sentencing guidelines; if the Commission adequately considered the factor, departure on that basis is improper. 18 U.S.C.A. § 3553(b); *United States v. Summers,* 893 F.2d 63, 65–66 (4th Cir.1990).

Disparity in the sentences imposed on participants of jointly undertaken criminal activity may occur for various reasons. Coconspirators may be prosecuted, convicted, and sentenced in different forums and thus subjected to diverse laws, penalties, procedures, and standards. One participant may be sentenced pursuant to a substantial assistance motion and therefore receive a sentence less severe than others. Another may be found to be a minor participant and because he is less culpable receive a more lenient sentence. In some cases, one participant may not be apprehended until after others have already been sentenced. At the time of his sentencing, if the Government has discovered additional evidence that increased the seriousness of the underlying offense, the defendant's base offense level may be increased over that earlier determined to be appropriate for other participants. These examples do not illustrate circumstances in which a departure from the applicable guideline range would be appropriate.

 This court recently joined the Courts of Appeals for the First, Second, Third, and Ninth Circuits in holding that disparity between the guideline range applicable to a defendant and the federal sentences imposed on his coconspirators is a factor that was adequately considered by the Sentencing Commission and, therefore, is not a proper basis for departure. *See*

*United States v. Ellis,* 975 F.2d 1061, 1065–66 (4th Cir.1992).[3] We agree with these other circuits and reject sentencing disparity as a basis for departure when confronted with disparate sentences among both codefendants and coconspirators and with disparities in sentences imposed in both federal and state courts. *See, e.g., United States v. Vilchez,* 967 F.2d 1351, 1353–55 (9th Cir.1992); *United States v. Higgins,* 967 F.2d 841, 845 (3d Cir.1992); *United States v. Mejia,* 953 F.2d 461, 467–68 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992); *United States v. Wogan,* 938 F.2d 1446, 1448–49 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991); *United States v. Joyner,* 924 F.2d 454, 459–61 (2d Cir.1991); *see also United States v. LaSalle,* 948 F.2d 215, 218 (6th Cir.1991); *United States v. Hendrieth,* 922 F.2d 748, 752 (11th Cir.1991); *United States v. Torres,* 921 F.2d 196, 197 (8th Cir.1990); *United States v. Pierce,* 893 F.2d 669, 678 (5th Cir.1990). *But see United States v. Nelson,* 918 F.2d 1268, 1272 (6th Cir.1990). The nationwide uniformity in the sentencing of similar defendants for similar federal offenses which Congress sought to ensure is undermined when a departure from a defendant's guideline range is based on the sentence imposed on a codefendant or a coconspirator, regardless of whether that sentence was imposed in a federal or state forum. We, therefore, conclude that the district court correctly interpreted the law and accurately applied the guidelines in refusing to depart from Hall's applicable guideline range on the basis of the punishment imposed on his coconspirators.[4]

**3.** *Ellis* recognizes one narrow exception, disparity resulting from prosecutorial misconduct, a circumstance not present here. *Id.* at 1066.

**4.** We also note our disagreement with Hall's interpretation of 18 U.S.C.A. § 3553(a)(6). In enacting the Sentencing Reform Act, Congress sought to narrow the "wide disparity in sentences imposed by different federal courts for similar criminal conduct by similar offenders." U.S.S.G. Ch. 1, Pt. A, intro. comment.; *see Joyner,* 924 F.2d at 459–61 (Congress' objective was to eliminate disparity in federal sentencing nationwide); *Wogan,* 938 F.2d at 1448–49 (same). Consideration of sentences imposed on a defen-

dant's coconspirators in state court would create, rather than alleviate, disparity among the sentences imposed nationwide upon federal defendants convicted of similar crimes. *Cf. Joyner,* 924 F.2d at 460–61 (departure based upon belief that guideline range punishes defendant too harshly compared to codefendant "creates a new and entirely unwarranted disparity between defendant's sentence and that of all similarly situated defendants throughout the country"). Further, departure from the guideline range applicable to a defendant based upon a guideline sentence imposed upon one of his federal codefendants would not foster uniformi-

## C.

Hall next argues that even if the disparity between his guideline range and the sentences imposed on his coconspirators was not a valid, independent basis for departure, once the district court departed on the basis of substantial assistance, it erred in not considering this factor in determining the extent of the departure. Again, we disagree.

In *Williams v. United States,* ——— U.S. ———, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), the Supreme Court confronted the scope of appellate review of a departure sentence. Significant to our decision, the Court held that 18 U.S.C.A. § 3742(f)(1) (West Supp.1992) compels remand of a departure sentence whenever there has been an incorrect application of the guidelines unless the reviewing court determines that the same sentence would have been imposed had the district court not relied upon the invalid factor. *See* ——— U.S. at ———, 112 S.Ct. at 1120–21. In other words, a harmless error analysis is required to ascertain whether the invalid factor had any effect upon the departure sentence. Although the focus of the *Williams* opinion was to instruct reviewing courts concerning the appropriate inquiry necessary to evaluate the need for remand upon determining that a departure decision was based at least in part on an invalid factor, its reasoning is instructive here. If, as *Williams* held, a departure sentence may not stand unless a reviewing court determines that an invalid factor had no effect on the sentencing decision, it logically follows that an appellate court may not countenance a sentence in which the district court extended an otherwise proper departure sentence based upon a circumstance that could not have supported a departure in the first instance. The reasoning of *Williams* dictates that a sentencing court

may not consider in determining the extent of·a departure from the guideline range a factor that would not constitute a valid basis for departure. Accordingly, we reject Hall's contention that the district court erred in not considering the invalid departure factor of coconspirator sentencing disparity as a basis for further reducing his sentence from that deemed appropriate because of his substantial assistance.

## III.

Hall argues that the activity underlying his conviction for carrying a concealed weapon should be considered offense conduct that is part of the instant conspiracy, rather than as a prior conviction to be counted in determining his Criminal History Category. The calculation of a defendant's Criminal History Category begins with assignment of points to various categories of "prior sentences." *See* U.S.S.G. § 4A1.1. A "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Because the facts surrounding this offense are not disputed, we review de novo whether the concealed weapon conviction is a prior sentence within the meaning of § 4A1.2(a)(1). *Cf. United States v. Rivers,* 929 F.2d 136, 141 (4th Cir.) ("whether … prior sentences are 'related' under § 4A1.2(a)(2) is a legal determination" and, therefore, review is de novo), *cert. denied,* ——— U.S. ———, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991).

Hall committed the criminal act underlying the concealed weapon conviction in January 1989. He did not undertake this activity in furtherance of the marijuana conspiracy, but instead began carrying the weapon after he withdrew from the conspiracy and began cooperating with state

ty in federal sentencing; perforce, departure from a defendant's guideline range to compensate for a disparate guideline sentence previously imposed on a coconspirator would safeguard "a particular microcosm of the sentencing universe," at the expense of enhancing disparity within "the macrocosm of the sentencing universe." *Wogan,* 938 F.2d at 1449. Because consideration of disparity between a defendant's guideline sentence and a guideline sentence imposed on a coconspirator, or a sentence imposed on a coconspirator in state court, would severely undermine Congress' goal of nationwide uniformity in sentencing, we do not interpret such disparity to be "unwarranted" within the meaning of § 3553(a)(6).

authorities. *See, e.g., United States v. Urbanik*, 801 F.2d 692, 697 (4th Cir.1986) (defendant withdraws when he acts affirmatively "to defeat or disavow the purposes of the conspiracy"). Under these circumstances the concealed weapon conviction clearly was "for conduct not part of the instant offense," U.S.S.G. § 4A1.2(a)(1), and therefore was a "prior sentence" under U.S.S.G. § 4A1.1.

## IV.

■ Hall next contends that the district court should have departed downward because his Criminal History Category overrepresents the seriousness of his past criminal conduct. While Hall correctly maintains that an overstatement of a defendant's criminal history may be a proper basis for a departure, *see* U.S.S.G. § 4A1.3, p.s.; *United States v. Summers*, 893 F.2d 63, 67 (4th Cir.1990), he does not claim that the district court misunderstood its discretionary authority to depart on this basis. Under these circumstances, the refusal by the sentencing court to depart based on overrepresentation of criminal history is not appealable. *See United States v. Bayerle*, 898 F.2d 28, 30–31 (4th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990).

## V.

Finally, Hall argues that we should remand for resentencing because certain comments made by an Assistant United States Attorney at the sentencing hearing constituted a breach of the plea agreement by the Government. We have carefully reviewed this allegation and find it to be without merit.

AFFIRMED.