986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gloria Elena RICHARDS, Defendant-Appellant.
 No. 92-5558.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: February 18, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-91-469-JFM)
 Achim Kriesgheim, Washington, D.C., for Appellant.
 Richard D. Bennett, United States Attorney, Brent J. Gurney, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gloria Elena Richards appeals from the sentence imposed by the district court following her plea of guilty to one count of conspiracy. For the reasons set forth below, we affirm the sentence.
 
 
 2
 Pursuant to a plea agreement in which she stipulated that her base offense level was thirty-six, Richards pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988). Richards was given a four level downward departure for substantial assistance, United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1992); a two level downward departure for acceptance of responsibility, U.S.S.G. § 3E1.1(a); and a four level downward departure for minimal role in the offense, U.S.S.G. § 3B1.2(a). She was sentenced to sixty-three months imprisonment.* Two of Richards' coconspirators were given initial base offense levels of thirty-two and one was determined to be thirty-four. Their sentences ranged from twenty-four months to 120 months.
 
 
 3
 Richards argues that her appeal presents an exceptional case in which this Court should exercise its discretion to reach an issue not raised below, see Singleton v. Wulff, 428 U.S. 106, 121 (1976), and determine whether the disparity in the base offense levels of the coconspirators violates due process. An appellate court will only address an issue not raised in the trial court if it appears from the face of the record that there was plain error.
 
 
 4
 The disparity among the base offense levels arose due to the timing of the sentences. At the time the first defendants were sentenced, the Government was not aware of the exact amount of cocaine involved in the conspiracy. Richards was sentenced after the other defendants, and at the time of her sentence, the government knew that the conspiracy involved between fifty and 150 kilograms of cocaine. Richards' base offense level was based upon this amount of cocaine and her stipulation.
 
 
 5
 Disparity in the sentences imposed on co-defendants may result when, between the imposition of the sentences, the government discovers additional evidence that increases the severity of the underlying offense. The defendant's base offense level may be increased over the offense level which was determined to be appropriate for the other participants. A departure from the applicable guideline range is not justified in these circumstances. United States v. Hall, 977 F.2d 861, 864 (4th Cir. 1992).
 
 
 6
 Further, a defendant may not challenge a sentence merely because of the disparity between her sentence and a co-conspirator's sentence. United States v. Ellis, 975 F.2d 1061, 1065-66 (4th Cir. 1992) (absent proof of actual prosecutorial misconduct, no downward departure based on disparity of sentences among co-defendants).
 
 
 7
 Because there was not any error, much less plain error, in Richard's sentence, the district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Her final offense level was twenty-six; her criminal history category I, yielding an applicable guideline range of sixty-three to seventy-eight months