8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Verdell Henry SANDERS, Defendant-Appellant.
 No. 93-5187.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-153-C-P)
 Theo X. Nixon, Goodman, Carr, Nixon, Laughrun & Levine, Charlotte, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Verdell Henry Sanders appeals the sentence he received after he was convicted of maintaining a place for the manufacture of marijuana in violation of 21 U.S.C.A. § 856(a) (West Supp. 1993), and manufacturing marijuana in violation of 21 U.S.C.A.s 841 (West 1981 & Supp. 1993).[1] We affirm.
 
 
 2
 Sanders grew marijuana which he consumed ostensibly to ease his stomach problems. When his house was searched, 128 marijuana plants were found growing indoors. After his conviction, he objected to the probation officer's computation of his offense level using the one plant/one kilogram equivalent required by guideline section 2D1.1(c) (Drug Quantity Table).[2] See United States v. Underwood, 970 F.2d 1336 (4th Cir. 1992). Sanders suggested that the district court should depart because there was no evidence that he distributed marijuana, and because of his diminished capacity, citing guideline section 5K2.13. Sanders has been given a number of mental evaluations during his adult life. Most recently, he was diagnosed as having a personality disorder, but found competent to stand trial. He also requested a departure under section 4A1.3 on the ground that criminal history category II overstated the seriousness of his prior criminal conduct.
 
 
 3
 Following the arguments of counsel at the sentencing hearing, the district court adopted the probation officer's recommended offense level. The court declined to make any departure. Sanders contends on appeal that the district court erroneously believed it lacked the authority to depart on the first two grounds urged by him, and erred in refusing to depart on the third. While a discretionary decision not to depart is not reviewable on appeal, United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990), a refusal to depart because of a "perceived lack of legal authority" to depart may be appealed. United States v. Hall, 977 F.2d 861 (4th Cir. 1992). Our review of the record of Sanders's sentencing hearing, however, discloses nothing which reveals a lack of understanding by the district court of its authority to depart where appropriate mitigating circumstances are present. What is evident is its belief that it lacked sufficient reason to depart on any of the grounds advanced by Sanders.
 
 
 4
 The judgment of the district court is therefore affirmed. That portion of the appeal which challenges the district court's failure to depart for overstated criminal history is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 [1]
 The jury was unable to reach a verdict on two other charges: using and carrying a firearm in a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1993), and possession of marijuana with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1993). These counts were dismissed
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)