69 F.3d 534
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Scott MADDOX, Defendant-Appellant.
 No. 95-5285.
 United States Court of Appeals, Fourth Circuit.
 Oct. 27, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-91-66-CR-5)
 William W. Plyler, MCMILLAN, KIMZEY & SMITH, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Brian Scott Maddox was originally sentenced to five years probation for conspiracy, armed bank robbery, and use of a firearm in a crime of violence. The district court departed on several grounds below the sentencing guideline range and below the statutory mandatory minimum sentence for the firearm conviction. We reversed the departures on two grounds and remanded for further factfinding on the departure for extraordinary family ties. United States Sentencing Commission, Guidelines Manual, Sec. 5H1.6 (Nov.1992); United States v. Maddox, 48 F.3d 791, 799 (4th Cir.1995). On remand, the district court declined to depart and sentenced Maddox to serve 27 months and the 60-month mandatory consecutive sentence. Maddox appeals, contending that the district court erroneously believed it had no authority to depart. We affirm.
 
 
 2
 At the resentencing hearing, Maddox's mother and wife testified about the help he provided to his mother in caring for his difficult-tohandle 34-year-old retarded sister. The government argued that Maddox's family ties were not sufficiently extraordinary to justify a departure in light of Fourth Circuit precedent holding that even the destruction of a family unit because of a defendant's imprisonment is not extraordinary. Ultimately, the district court denied the motion for a departure. When imposing sentence, the court stated that a sentence within the guideline range was "the sole option available."
 
 
 3
 A discretionary decision not to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). A decision not to depart based on a perceived lack of legal authority to depart is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992).
 
 
 4
 The questions before the district court on remand were (1) whether Maddox's family circumstances were indeed extraordinary and (2) if so, whether a discretionary departure was warranted. See United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991). The district court did not make separate findings on each issue, but decided against a departure immediately following the government's argument that Maddox's family ties were not sufficiently extraordinary to warrant a departure.
 
 
 5
 Despite the district court's statement that a sentence within the range was the sole option available, the court cannot have believed that it was without legal authority to depart for extraordinary family ties because this Court remanded for further proceedings on that very issue. The record discloses that the district court wished to depart and would have done so had it been able to find that extraordinary family circumstances were present. Its decision encompasses a finding that Maddox's family ties were not sufficiently extraordinary to warrant a departure. This discretionary decision is not reviewable.
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED