**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5573

MARIE DOMINIQUE, a/k/a Mellisa
Jones,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-53)

Submitted: March 21, 1996

Decided: April 4, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marie Dominique pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995), and was sentenced to a term of 151 months imprisonment. She maintains on appeal that the district court erred in finding that she was not a minor participant. United States Sentencing Commission, Guidelines Manual § 3B1.2(b) (Nov. 1994). She also contends that the district court erred in finding that it lacked the authority to depart below the guideline range based on the Sentencing Commission's 1995 proposal to amend USSG § 2D1.1 by equalizing base offense levels for crack and powder cocaine offenses. We affirm.

Dominique was arrested after a rental car in which she was a passenger was stopped for following too closely and driving erratically on Interstate 85 in North Carolina. The driver and the passenger who had rented the car consented to a search of the car but gave conflicting accounts of why they had come to Greensboro. One said they had come to visit nightclubs while the other said they had come to pick up Dominique at the airport. The driver did not know the name of the other male passenger. When Dominique got out of the car, she wrapped a coat around her waist. She consented to a search, but then resisted. A female deputy subsequently searched Dominique. She was carrying three packages of crack and powder cocaine concealed under her clothing. The other occupants of the car were not charged.

When interviewed by the probation officer, Dominique said she had agreed to transport the packages, even though she suspected they contained drugs, as a favor to a man she did not know but had seen around her block in Brooklyn, New York. The man had allegedly asked her help the night before and, when she agreed, had given her a plane ticket in a false name and instructions.* After the presentence

_____

*Dominique also said she had never been arrested before, an assertion which proved false and earned her an adjustment for obstruction of justice. USSG § 3C1.1.

2

report was filed, Dominique requested a minor role adjustment and a downward departure based on the Sentencing Commission's proposed amendment to USSG § 2D1.1 relating to penalties for crack offenses.

The district court refused to give Dominique a minor role adjustment. The court decided that her account of transporting drugs as a favor to a man she barely knew strained credulity, and that her refusal to give information about the others involved made a determination of her relative culpability impossible. Dominique had the burden of showing that she was entitled to the adjustment; the sentencing court must compare the defendant's culpability with that of other participants (if possible) and also measure her actions and culpability against the elements of the offense. United States v. Reavis, 48 F.3d 763, 769 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316). Because Dominique had not carried her burden of proof, we find that the district court did not clearly err in denying her the adjustment.

The district court also found that it was without authority to deviate from the applicable guidelines in anticipation of the proposed amendment. Dominique argues on appeal that the district court did not recognize its authority to depart and that resentencing is required so that the court may decide whether a departure is warranted. Under the test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991), a departure is possible if the court identifies a mitigating circumstance not adequately considered under the guidelines. A decision not to depart is normally not reviewable on appeal, United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, when a court bases its decision on a perception that it lacks the legal authority to depart, that legal decision is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992).

We find that the district court did not err in deciding that it lacked authority to depart on the ground advanced by Dominique. The Sentencing Commission's proposal to reformulate the guidelines for offenses involving powder cocaine and crack cocaine did not become law. The guideline follows the penalty structure set out in § 841, which was reaffirmed by Congress when it disapproved the proposed

3

amendment. See United States v. Booker, 73 F.3d 706, 710 (7th Cir. 1996).

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4