**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4055

MARIO JONES, a/k/a Mario Dufreen
Jones,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-31)

Submitted: August 22, 1996

Decided: September 12, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Margaret M. Cain, Charlottesville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mario Jones pled guilty to one count of distributing crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). Pursuant to an oral plea agreement, a related charge was dismissed. Jones was sentenced to a term of 115 months imprisonment. He contends on appeal that the district court erred in failing to address mitigating factors which might justify a downward departure: his voluntary cooperation with authorities, his age, and his health. United States Sentencing Commission, Guidelines Manual §§ 5K1.1, p.s., 5H1.1, p.s., 5H1.4, p.s. (Nov. 1995). He seeks resentencing or vacation of his guilty plea. We affirm.

The probation officer recommended an upward departure under USSG § 4A1.3, p.s., because Jones had 23 criminal history points. At the sentencing hearing, Jones's attorney asked him to testify about the information he voluntarily provided to investigators at the time of his guilty plea. Jones stressed that he had given the information solely out of concern for his brother, who was also involved in drug dealing. Jones also described in detail his medical problems: sleep apnea and asthma which requires him to sleep with the assistance of an oxygen machine which must be monitored by another person while he sleeps. Because of Jones's cooperation and his medical condition, defense counsel requested a sentence at the low end of the guideline range.*

The district court explicitly considered Jones's cooperation in deciding not to depart upwardly as recommended by the probation officer. The court also recommended that Jones be placed in a facility equipped to give him the medical treatment he needed. While Jones may have hoped for a downward departure, he did not request a downward departure. He has thus forfeited review of the issue unless plain error occurred. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725 (1993).

_____

*Jones's age (26) was not discussed.

2

A district court's decision not to depart is normally not reviewable on appeal, <u>United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir.), <u>cert. denied</u>, 498 U.S. 819 (1990). If the court's decision not to depart is based on a finding that it lacks legal authority to depart, that legal decision is reviewed de novo. <u>United States v. Hall</u>, 977 F.2d 861, 863 (4th Cir. 1992). Because Jones never requested a downward departure, the court did not determine whether it had authority to depart. We find that plain error did not occur.

Jones claims in his appeal brief that the government promised him a substantial assistance motion in return for his guilty plea and failed to fulfill its promise. However, he made no mention of such a promise in the district court and he did not move to withdraw his plea. Consequently, we find no basis for vacating the guilty plea.

The conviction and the sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3