**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5787

THOMAS WAITKUS WILLIAMSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                 No. 95-5877
KATHY JOANN BOLES, a/k/a Melissa
Lauren Cales,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-94-268)

Submitted: January 28, 1997

Decided: March 27, 1997

Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina; Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathy Joann Boles was convicted by a jury of possession of crack cocaine with intent to distribute, 21 U.S.C. § 841 (1994). In a separate trial, Thomas Waitkus Williamson was convicted of the same offense as well as conspiracy to distribute crack, 21 U.S.C.§ 846 (1994). Boles appeals her 60-month sentence, alleging that the district court misunderstood its authority to depart on the ground of duress and erred in finding that she obstructed justice and did not accept responsibility. USSG §§ 5K2.12, p.s., 3C1.1, 3E1.1.* Williamson appeals his conviction, arguing that the court abused its discretion by refusing to permit him to call the prosecutor and Boles' attorney as defense witnesses. We affirm.

Boles and Williamson were questioned by drug interdiction officers after they got off a flight from New York City to Greensboro, North Carolina. Williamson was not carrying any drugs and left the airport after denying that he knew Boles. Boles was carrying two packages of crack. She was arrested and implicated Williamson. She said he forced her to go to New York with him, gave her money for

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

the plane ticket, and made her carry the crack. Boles used a false name, birth date, and social security number in her initial interview with a pre-trial services officer, signed a financial affidavit with the false name, and maintained her false identity in her initial appearance before a magistrate. Boles' real identity was discovered a week later, one day before her detention hearing.

Both Boles and Williamson entered not guilty pleas. Boles agreed to testify against Williamson. Their trials were severed but scheduled for the same day, with Boles' case being tried first. Boles testified that she had gone to New York under duress and did not know what the packages she was carrying contained. She said she complied with Williamson's directions because he threatened to hurt her if she did not.

While Boles' jury was out and after Williamson's trial had begun, Boles' attorney asked the government prosecutor whether he would recommend a substantial assistance departure for Boles in return for her testimony against Williamson. The prosecutor said he would recommend a departure to the United States Attorney. Williamson's attorney was present during the conversation.

During Williamson's trial, the district court denied defense requests to call the prosecutor and Boles' attorney to testify about the offer Boles had received. Boles initially testified that she did not expect to gain anything from her testimony. Under cross-examination, she admitted that she had been told there was a possibility her sentence might be reduced, but stated that she had agreed to testify before the jury returned a verdict. The court permitted Williamson's attorney to question Boles concerning the fact of her conviction, but did not allow him to bring out her plea of not guilty or the jury's apparent rejection of her testimony at her own trial.

We first find that the district court did not abuse its discretion in refusing to permit Williamson to call the prosecutor and Boles' attorney to testify. The attorney's conversation with his client was protected by the attorney-client privilege, which Boles had not waived. A prosecutor may be called as a defense witness if the defendant has a compelling need for his testimony. United States v. Prantil, 764 F.2d 548, 554 (9th Cir. 1985). Williamson contends that, in order to

3

impeach Boles' credibility, he needed the prosecutor's testimony for "full disclosure of the deal" which was promised to Boles in return for her testimony. The argument is not persuasive because Boles agreed to testify long before her attorney broached the subject of a substantial assistance departure with the prosecutor. Moreover, Williamson's attorney was able to bring out through Boles' testimony her knowledge that her testimony might result in her sentence being reduced. Consequently, Williamson did not show a compelling need for further testimony about the details of the offer.

Williamson also contends that his right of confrontation was prejudicially limited when the court refused to allow him to ask Boles about her not guilty plea and subsequent conviction. He argues that Boles' credibility would have been severely damaged by evidence that a jury had disbelieved her testimony and that she "then struck a deal for substantial assistance." Because Boles was scheduled to testify against Williamson before she was convicted, this argument has no basis in fact. We find that the district court did not abuse its discretion in limiting Williamson to inquiring whether Boles had previously been convicted of a felony.

At her sentencing hearing, Boles requested a downward departure for coercion or duress pursuant to USSG § 5K2.12. The court declined to depart, explaining that:

> [I]t was unreasonable for the defendant to fail to notify persons in authority of her alleged claim of duress prior to the pretrial interview. It does not serve the defendant well that this information was not provided long after Mr. Williamson had been taken -- or had removed himself from the incident. The Court will not give the defendant any departure.

Generally, a court's decision not to depart is not reviewable, United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990), but such a decision based on a perceived lack of legal authority to depart is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Boles argues that the district court applied too high a standard for a departure, requiring her to meet the "immediate notification" standard necessary to prevail on a defense of coercion to an escape charge under 18 U.S.C. § 751(a) (1994), and

4

thus misperceived its authority to depart on a lesser showing of duress. However, the record discloses that the court did not accept Boles' claim of duress in any degree. Consequently, this portion of Boles' appeal will be dismissed.

Boles also objected unsuccessfully to the probation officer's recommendation that she receive an adjustment for obstruction of justice based on her use of a false identity. Boles contends that de novo review of the court's determination is necessary because the facts are not disputed. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989) (factual sentencing issues reviewed for clear error; legal issues reviewed de novo). However, her objection to the probation officer's recommendation and her argument at sentencing focused on her motive for giving false information to the pretrial services officer and the magistrate, a factual question, rather than the materiality of the false information, which would be a legal issue. Therefore, we review the district court's decision for clear error.

Boles argues that she was motivated by fear of Williamson rather than a desire to impede the investigation, and points out that she cooperated immediately after her arrest by describing the trip to New York. While this conduct demonstrated Boles' willingness to cooperate in the investigation and prosecution of Williamson, it did not preclude a simultaneous attempt to derail the investigation and prosecution of herself. The district court agreed with the probation officer's estimation that Boles willfully provided false material information to the court and thus attempted to obstruct justice in her own case. USSG § 3C1.1, comment. (n.3(f)). This finding was not clearly erroneous. Boles also claims that the court failed to make specific findings. However, the court adopted the reasoning in the probation officer's response to Boles' objection to the presentence report, and adequately resolved the issue in this manner.

Last, Boles asserts that she was entitled to an adjustment for acceptance of responsibility because she never disputed her factual guilt and went to trial solely to preserve her coercion defense, an issue which she characterizes as unrelated to factual guilt. In fact, at trial Boles not only said she went to New York under duress, but also disclaimed any knowledge of, or involvement in, the offense and put the government to its burden of proof. The district court did not clearly

5

err in denying the acceptance of responsibility adjustment on this basis as well as because of the obstruction of justice adjustment. <u>See</u> USSG § 3E1.1, comment. (n.4).

Accordingly, we affirm Williamson's conviction and Boles' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6