**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                          No. 96-4863

DOUGLAS CLEMMONS SILER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Richard C. Erwin, Senior District Judge.
(CR-96-106)

Submitted: June 19, 1997

Decided: July 3, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cynthia Ann Hatfield, HATFIELD & HATFIELD, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Robert M. Hamilton, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas Clemmons Siler pled guilty to distribution of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997), and received a sentence of 87 months imprisonment. He appeals the sentence, argu-ing that the district court failed to understand its authority to depart on the ground of overstated criminal history, USSG § 4A1.3, p.s.,* failed to make adequate findings in denying his departure motion, and failed to make adequate findings in denying his request for a minor role adjustment. USSG § 3B1.2(b). We affirm.

Generally, the sentencing court's decision not to depart below the guideline range is not reviewable; however, if the sentencing court bases its decision on a perception that it lacks the legal authority to depart, the decision is a legal one which is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Our review of the sentencing transcript in this case discloses that the district court fully understood its authority to depart and merely exercised its discretion not to do so. The issue did not, as Siler suggests, involve an alleged factual inaccuracy in the presentence report, which would require a factual finding under Fed. R. Crim. P. 32, but rather one committed to the discretion of the district court. In any case, the court explained its reason for deciding against a departure.

In determining that Siler had more than a minor role in the offense, the district court expressly adopted the recommended finding con-tained in the presentence report in response to Siler's objection. We have approved this procedure for resolving factual disputes. See United States v. McManus, 23 F.3d 878, 887 (4th Cir. 1994).

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1996).

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented
in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3