**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4546

RICKY BANKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge; Richard L. Williams,
Senior District Judge, sitting by designation.
(CR-96-115)

Submitted: September 29, 1998

Decided: November 16, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward A. Fiorella, Jr., HARKEY, LAMBETH, NYSTROM, FIO-
RELLA & MORRISON, L.L.P., Charlotte, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F.
Shappert, Assistant United States Attorney, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ricky Banks appeals from his conviction and sentence imposed for possessing with the intent to distribute heroin. See 21 U.S.C. § 841(a)(1) (1994). Banks was a deputy sheriff working as a jailor. He and a prisoner, Joe Richardson, arranged for Banks to purchase two ounces of heroin in two separate transactions. Federal agents arrested Banks after the first transaction, however, after Richardson alerted them to Banks's desire to purchase heroin. Banks claimed at trial that he was actually engaged in undercover work when he purchased the heroin to impress his newly-appointed Sheriff. The government contended that Banks engaged in the transaction to resolve financial troubles. Finding no reversible error, we affirm.

We reject Banks's arguments that he was entrapped as a matter of law and that he was entitled to a jury instruction on entrapment. A valid entrapment defense contains two elements: government inducement and a lack of predisposition to commit the crime by the defendant. See United States v. Phan, 121 F.3d 149, 153-54 (4th Cir. 1997), cert. denied, 66 U.S.L.W. 3388 (U.S. Feb. 23, 1998) (No. 97-863). At trial, Banks claimed that he was trying to consummate the drug transaction in order to impress his superiors at the Sheriff's Department. Therefore, on the facts of this case, there is not even a scintilla of evidence of entrapment.

Banks next argues that his right to present a defense was violated when the district court sustained the government's objection to a portion of the testimony of defense witness Alleyne. The district court sustained the objection because the testimony would have been hearsay. See Fed. R. Evid. 802 (hearsay generally not admissible). Banks fails to argue that the testimony was not hearsay or fell within an exception to the general rule of inadmissibility. Therefore, we find no abuse of discretion. Even if the district court had abused its discretion,

2

the error was harmless. Contrary to Banks's assertion, Alleyne's testimony would not have negated Banks's mens rea. Alleyne was prepared to testify about advice he had given Banks on how to conduct an undercover drug investigation. The statute in question, 21 U.S.C. § 841(a)(1) (1994) requires only the intent to distribute, it does not require the intent to distribute illegally. As a result, Alleyne's testimony would have hurt Banks by providing evidence of his plan to distribute heroin.

Banks next contends that certain comments made by the trial court during his trial deprived him of his right to a fair trial. Banks complains, inter alia, that the district court admonished counsel not to go on an "Easter egg hunt," referred to certain evidence as irrelevant, warned counsel not to waste the jury's time on minutia, and noted that a piece of documentary evidence "doesn't have any significance." The question is whether the judge's comments rose to a level of prejudice that they denied him a fair trial. See United States v. Parodi, 703 F.2d 768, 776 (4th Cir. 1983). After reviewing the instances cited by Banks, we find that they do not rise to such a level of prejudice. Rather, we conclude that the judge's statements were either legitimate evidentiary rulings or innocuous attempts to keep counsel focused on the issues in the case.

Banks argues that his Fifth Amendment privilege against self-incrimination was violated when the government used his testimony from his first trial, which ended in a mistrial, against him in his second trial. The general rule is that a defendant's testimony at a former trial is admissible against him in a later proceeding. See Harrison v. United States, 392 U.S. 219, 222 (1968). We find that the general rule controls here. See United States v. Baker, 850 F.2d 1365, 1369-70 (9th Cir. 1988). Thus, Banks's Fifth Amendment right was not violated.

Finally, Banks asserts several arguments that the trial court erred in determining his sentence. He first claims that the government failed to produce sufficient evidence to enable the district court to properly find that he willfully obstructed justice by committing perjury. See United States Sentencing Guidelines Manual § 3C1.1 (1995). The district court determined that Banks committed perjury when he denied that he made the initial contact with Richardson, when he testified

3

that his activities were part of an undercover operation, and when he testified that he engaged in buying drugs to ingratiate himself with the new Sheriff. Banks claims that the evidence supports his version of the truth, that he made the drug purchases to impress superiors, as much as it supported the government's theory that he made the drug purchases to resolve his financial difficulties. After reviewing the evidence, we cannot find that the district court clearly erred in enhancing Banks's sentence on this basis. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

Banks next challenges the amount of drugs for which the district court held him accountable. Because the evidence amply supports the district court's conclusion that Banks had the intent to participate in the second one-ounce drug transaction, we reject his argument that the evidence shows that he did not intend to purchase, or was not reasonably capable of purchasing, two ounces of heroin. He was, therefore, properly held accountable for the two ounces. See U.S.S.G. § 2D1.1 comment. (n.12).

Next, Banks argues that the district court should have reduced his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. He continues to deny having any criminal intent in purchasing the heroin, and we find that his denial is sufficient to prevent application of the reduction. See United States v. Gordon , 895 F.2d 932, 936 (4th Cir. 1990) (defendant must accept responsibility for all criminal conduct).

Banks also contends that the district court erred in enhancing his sentence under U.S.S.G. § 3B1.3 because he abused a position of trust. He argues that the position of deputy sheriff is not a position of trust and that he did not use his position to commit the offense. These arguments are without merit. The district court was correct in categorizing his position as a deputy sheriff as a position of trust. Further, his duties as a jailor significantly contributed to his commission of this drug offense. The district court did not err in enhancing his sentence.

Finally, Banks argues that the district court erred in denying his request for a downward departure under U.S.S.G.§ 5K2.0 for exemplary conduct while he was on bond and under U.S.S.G. § 5K2.10

4

based on the victim's conduct. He fails to argue that the district court mistakenly viewed its discretionary authority to depart on these bases. Thus, these claims are not subject to review. See United States v. Hall, 977 F.2d 861, 866 (4th Cir. 1992).

Accordingly, we affirm Banks's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5