UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

GARRETT JEROME WILLIAMS, a/k/a
J-1,

          *Defendant-Appellant.*

No. 02-4300

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-01-238)

Submitted: September 27, 2002

Decided: October 7, 2002

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

## COUNSEL

John R. McGhee, Jr., KAY CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Garrett Jerome Williams pled guilty to distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a) (2000), and was sentenced to a term of 121 months imprisonment. He appeals his sentence, contending that the district court abused its discretion in refusing to depart under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2001), for substantial assistance provided by his brother, and under USSG § 5K2.0, p.s., on the ground that most of the crack included in Williams' relevant conduct was derived from information he provided voluntarily. He also argues that the district court clearly erred in finding the testimony of a confidential informant credible as to drug amounts and Williams' possession of a firearm. *See* USSG § 2D1.1(b)(1). We affirm in part and dismiss in part.

The sentencing court may not consider a downward departure for substantial assistance without a government motion for a departure. *United States v. Butler*, 272 F.3d 683, 687 (4th Cir. 2001). Moreover, when the government has not obligated itself to move for a substantial assistance departure in the event the defendant provides substantial assistance, the court has no authority to review the government's decision not to file a departure motion unless the defendant makes a strong showing that the government decision was based on an unconstitutional motive or was not rationally related to a legitimate government end. *Id.* Williams' plea agreement did not obligate the government to move for a substantial assistance departure and he made no showing that would have permitted the court to inquire into the government's decision. Therefore, assuming we have jurisdiction to review the issue, we conclude that the district court did not abuse its discretion in declining to depart.

The district court's decision not to depart for other factors, such as the effect of Williams' voluntary disclosures on his guideline range,

is not reviewable on appeal unless the decision is based on a mistaken perception that the court lacks the legal authority to depart. *United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992). Williams does not allege and the record does not reveal that the district court mistakenly believed it lacked authority to depart. This issue is thus not reviewable on appeal.

Factual determinations relevant to sentencing are reviewed for clear error. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). Findings based on the credibility of witnesses are given even greater deference. *United States v. Hassanzadeh*, 271 F.3d 574, 580 (4th Cir. 2001).

The district court found the confidential informant's testimony at the sentencing hearing credible because she admitted her own criminal conduct candidly and the information she provided was supported to some degree by the testimony of the detective in charge and by that of Williams' girlfriend. Given that the district court found her testimony credible, the district court did not clearly err in finding that Williams was responsible for more than 50 grams of crack and that an enhancement for possession of a weapon was warranted.

We therefore affirm the sentence imposed by the district court. We dismiss that portion of the appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*