**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5576

ROBERT DEGREE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-94-198-MU)

Submitted: December 14, 1995

Decided: January 9, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON,
LAUGHRUN & LEVINE, P.A., Charlotte, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Thomas G.
Walker, Assistant United States Attorney, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Degree pled guilty to conspiring to assist the escape of a federal prisoner in violation of 18 U.S.C.A. §§ 371 (West 1966 & Supp. 1995), 752(a) (West Supp. 1995). He was sentenced to serve one year and one day in prison. Degree appeals his sentence alleging that the district court failed to recognize its authority to depart downward for extreme vulnerability to victimization in prison. A discretionary decision not to depart is not normally appealable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, a decision not to depart based on a perceived lack of legal authority is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Finding no error, we affirm.

Degree was a deputy sheriff at the Mecklenburg County Jail. He accepted $2500 from the mother of a federal prisoner being held at the jail in return for his assistance in helping the prisoner escape. Degree made his keys available to the inmate, who was apprehended on his way out of the jail.

At sentencing, Degree requested a downward departure on the ground that a former law enforcement officer would be subject to unusual harassment in prison. The district court found that Degree lacked the frail and feminine qualities of the defendant in United States v. Lara, 905 F.2d 599, 605 (2d Cir. 1990), which were held to justify a departure for extreme vulnerability in that case. The court also found that Degree's law enforcement background had already been taken into consideration under the applicable sentencing guideline, USSG § 2P1.1(b)(4),* which provided for a 2-level increase on that account. Consequently, the district court found that a downward

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

departure on that basis would be inappropriate. The record discloses that the district court understood its authority to depart. We agree with the court's determination that no adequate ground for departure was present.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED