**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5689

KEITH DOSS FENTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-189)

Submitted: March 21, 1996

Decided: April 4, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles D. Luckey, BLANCO, TACKABERY, COMBS & MATA-
MOROS, P.A., Winston-Salem, North Carolina, for Appellant. Wal-
ter C. Holton, Jr., United States Attorney, Benjamin H. White, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith Doss Fenton entered a guilty plea to one count of distributing crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995), and was sentenced to a term of 70 months imprisonment. He appeals his sentence, alleging that the district court failed to appreciate its authority to depart below the guideline range. We affirm.

At sentencing, Fenton urged the district court to depart to the mandatory minimum sentence of 60 months. He argued that the Sentencing Commission's 1995 proposal to eliminate the 100-to-1 ratio for crack and powder cocaine sentences revealed that the Commission had not adequately considered the unfairness of the ratio when the guidelines were initially formulated. See United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990) (departure possible if mitigating circumstance not adequately considered under guidelines), cert. denied, 499 U.S. 970 (1991). The district court found that the crack sentencing scheme had been considered and reconsidered by the Sentencing Commission. The court declined to depart.

A decision not to depart is normally not reviewable on appeal, United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, when a court bases its decision on a perception that it lacks the legal authority to depart, that legal decision is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Fenton argues on appeal that the district court did not recognize its authority to depart and thus failed to exercise its discretion.

If we assume from the district court's statements that the court believed it could not depart on the ground urged by Fenton, we find no error. The principal sentencing guideline for drug offenses, USSG § 2D1.1,* incorporates the penalty structure set out by Congress for

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

crack and cocaine offenses. 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). Congress has rejected the Sentencing Commission's suggestion that the guideline be amended so as to deviate from that penalty structure. Because Congress has reaffirmed the current penalty structure, the Sentencing Commission's recommendation to change the penalties for crack offenses is not a factor which warrants a departure from the current guideline. See United States v. Booker, 73 F.3d 706, 710 (7th Cir. 1996).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3