**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5844

GUILLERMO JOSE GONZALEZ,
a/k/a G. G.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 95-5845

VICTOR VINICIO ENCARNACION,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Jackson L. Kiser, Chief District Judge.
(CR-94-39)

Submitted: June 18, 1996

Decided: July 12, 1996

Before LUTTIG and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy V. Cargill, Roanoke, Virginia; Willis J. Spaulding, Charlottes-ville, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Shelby Katz, Third-year Law Intern, Eric Chaffin, Third-year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Guillermo Jose Gonzalez and Victor Vinicio Encarnacion both entered guilty pleas to one count of conspiracy to distribute cocaine, 21 U.S.C.A. § 846 (West Supp. 1996), pursuant to plea agreements. Gonzalez also agreed to pay $25,000 in lieu of forfeiture of his property. Gonzalez was sentenced to a term of 50 months imprisonment; Encarnacion received a sentence of 90 months imprisonment. Both appeal their sentences. Gonzalez contends that the district court failed to recognize its authority to depart on the grounds he put forward at sentencing. Encarnacion, a citizen of the Dominican Republic, argues that the court erred in giving him two criminal history points for a prior sentence for illegal entry. We affirm.

Gonzalez requested a departure below the guideline range based on his extraordinary family situation (he has a schizophrenic son who lives at home) and his contributions to his community (he had been instrumental in the creation of a community garden on his block in Brooklyn). When a sentencing court exercises its discretion not to depart, its decision is not reviewable by the appeals court. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, when the court refuses to depart because of a perceived lack of legal authority to depart, the defendant may appeal. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992).

2

Both family circumstances and contributions to the community are identified in policy statements as "not ordinarily relevant" to a determination of whether the sentence should be outside the guideline range. USSG §§ 5H1.6, 5H1.11, p.s. The language of the policy statements clearly authorizes the sentencing court to depart on these grounds when the court finds that truly extraordinary circumstances are present. Our examination of the record discloses that the district court recognized that a departure could be made in extraordinary circumstances. Construing the district court's statements in the light most favorable to Gonzalez, see Hall, 977 F.2d at 863, there is nothing in the record to support Gonzalez's contention that the court found that a departure could never be made on these grounds. Rather, the record discloses that the court exercised its discretion not to depart in this case.

Encarnacion's criminal history calculation included two criminal history points for a prior sentence of 1 year and 1 day for illegal entry. The probation officer reported in the presentence report that Encarnacion, a native of the Dominican Republic, entered the country illegally from Puerto Rico in 1985 and was deported after serving 9 months of his sentence. The report further stated that Encarnacion again entered the country illegally in 1990, but in 1991 was granted amnesty and received permission to remain in the country with a work permit. At the sentencing hearing, defense counsel argued that Encarnacion had received a general amnesty in 1991 which functioned as a pardon of the 1985 illegal entry offense. He argued that no criminal history points should be assessed for the sentence. The district court did not agree that an amnesty would eradicate the illegal entry conviction and found that the points were correctly given. Encarnacion was sentenced to a term of 90 months.

Two criminal history points are added for each prior sentence of imprisonment of at least sixty days but less than one year and one month which was imposed within ten years of the commencement of the instant offense. USSG §§ 4A1.1(b), 4A1.2(e)(2). Sentences for convictions which have been set aside or for which the defendant has been pardoned are counted; expunged sentences are not counted. USSG § 4A1.2, comment. (n.10). Encarnacion argues that, because he obtained a work permit, his prior illegal entry conviction should be viewed as a minor, excludable offense similar to juvenile status

3

offenses. <u>See</u> USSG § 4A1.2(c)(2). Encarnacion also argues that the prior sentence should not be considered because it was imposed nearly ten years earlier. Finally, Encarnacion suggests that to increase the penalty for his current drug offense because of a prior "offense based on alienage" may be discriminatory and may violate due process.

Encarnacion has advanced no legitimate reason why the prior sentence should not have been counted. The sentence has not been expunged and was imposed within ten years of the commencement of the conspiracy to which he pled guilty. His disregard of the immigration laws, not his alien status, is the reason for the increased punishment he faces. Therefore, we affirm his sentence.

For the reasons discussed, both sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4