94 F.3d 643
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Quincy WARD, Defendant-Appellant.
 No. 95-5623.
 United States Court of Appeals,
Fourth Circuit.
 Submitted July 25, 1996.
Decided Aug. 15, 1996.
 
 I.S. Leevy Johnson, JOHNSON, TOAL & BATTISTE, P.A., Columbia, South Carolina, for Appellant. Margaret B. Seymour, United States Attorney, Marvin J. Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Quincy Ward appeals the 78-month sentence he received after pleading guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp.1996). He contends that the district court erred in denying him a downward departure on equal protection grounds. We affirm.
 
 
 2
 Ward first argues that the district court erred in relying on our precedents to find that the 100-to-1 ratio prescribed in the sentencing guidelines* for crack and powder cocaine offenses does not violate equal protection. Ward invites us to reconsider our prior rulings, alleging that the discriminatory impact of the ratio was purposeful. We find that his allegation is unsupported and that the district court's ruling was correct. See, e.g., United States v. Wallace, 22 F.3d 84, 88 (4th Cir.), cert. denied, --- U.S. ----, 63 U.S.L.W. 3266 (U.S. Oct. 3, 1994) (No. 94-5653); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, --- U.S. ----, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990)
 
 
 3
 Second, Ward maintains that the district court had discretion to depart under USSG § 5K2.0, p.s., and erred in not doing so. In this case, the district court clearly wished to impose a lower sentence than that required under the guidelines, but found that a departure was precluded by United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir.1993), cert. denied, --- U.S. ----, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7295). Because the district court made a legal decision that it lacked authority to depart rather than exercising its discretion, we review its decision de novo. United States v. Hall, 977 F.2d 861, 863 United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov.1994); see also 21 U.S.C.A. § 841(b) (West 1981 & Supp.1996). (4th Cir.1992). The court's decision was correct. Moreover, this panel cannot overrule the decision of a prior panel in this Circuit. Brubaker v. Richmond, 943 F.2d 1363, 1381-82 (4th Cir.1991).
 
 
 4
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.