**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4178

ROBERT JEROME MURCHISON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-89)

Submitted: August 20, 1996

Decided: September 12, 1996

Before WIDENER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Paul Alexander Wein-
man, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A grand jury charged Robert Jerome Murchison with one count of conspiracy to possess more than fifty grams of cocaine base "crack" and more than fifty grams of cocaine hydrochloride in violation of 21 U.S.C. § 846 (1988) and 21 U.S.C. § 841(b)(1)(a), and he pled not guilty. Three months later, the Government filed a two-count superseding information which charged Murchison with possession with intent to distribute 47.2 grams of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), and possession with intent to distribute 15.6 grams of cocaine base "crack" in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(b). He pled guilty to both of those counts pursuant to a plea agreement. The district court sentenced Murchison to 188 months' imprisonment and five years' supervised release.

On appeal, Murchison challenges the district court's calculation of his base offense level under the Federal Sentencing Guidelines. Either the defendant or the Government may appeal a sentence on the ground that it was the result of an incorrect application of the guidelines. 18 U.S.C.A. § 3742 (West 1985 & Supp. 1996). However, we give due deference to the sentencing court's application of the guidelines to the facts. § 3742(e). When the issue is primarily a factual determination, we apply the clearly erroneous standard, and when the issue is more purely legal, we conduct de novo review. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Murchison first relies on the common scheme rule, accountability of co-conspirators, and approximation cases to support his assertion that the district court erred in calculating the drug amount attributable to him. However, the district court determined the quantity of drugs attributed to him according to the superseding information, which specified the amount of drugs found hidden in various compartments of Murchison's car during a traffic stop. The district court did not

2

determine the quantities based on a common scheme, a co-conspiracy, or approximation. Thus, this argument is misplaced.

Furthermore, Murchison pled guilty to the charges in the superseding information and a valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). In addition, a failure to object to an error in the sentence calculation at the sentencing hearing results in forfeiture of the right to appeal that issue. United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993). Even so, plain error affecting a substantial right may be reviewed for the first time on appeal if the error seriously affects fairness, integrity, or the public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992). The amount attributed to Murchison was not plainly erroneous. Thus, his failure to object and his guilty plea waived any right to appeal the issue.

Murchison next argues that the pre-sentence report overstates his criminal history with respect to his career offender status. The report reveals that over a ten-month period, Murchison was arrested four separate times and charged with nine offenses. All of the offenses were disposed of by the court on the same day, and each case received a separate sentence that ran concurrently. However, the cases were not consolidated. Murchison argues that the state court considered these incidents as one offense, and that it is therefore fundamentally unfair for the district court to consider the incidents separately for sentencing purposes.

Prior sentences imposed in related cases are treated as one case in assigning criminal history points. USSG § 4A1.2(a)(2). However, related cases are those in which there is no intervening arrest and the offenses (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. USSG § 4A1.2, comment. (n.3). Murchison was arrested on four separate occasions, thereby making the four arrests separate offenses. Further, the district court had the discretion to depart downward from the guidelines had it believed the offense level overstated the criminal history. United States v. Adkins, 937 F.2d 947, 952 (4th Cir. 1991); United States v. Summers, 893 F.2d 63, 67 (4th Cir. 1990). The district court heard argument at the sentencing hearing on the issue but

3

decided not to depart downward. We do not review a district court's refusal to depart, <u>United States v. Bayerle</u>, 898 F.2d 28, 30-31 (4th Cir.), <u>cert. denied</u>, 498 U.S. 819 (1990), unless the decision is based on a mistaken perception of lack of authority. <u>United States v. Hall</u>, 977 F.2d 861, 863 (4th Cir. 1992). The district judge indicated he knew he had the authority to depart but chose not to do so in this circumstance. Thus, this argument is also meritless.

Because we find no error in the district court's application of the Federal Sentencing Guidelines, the judgment of the district court, sentencing Murchison to 188 months' imprisonment and five years' supervised release, is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>