**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5494

JAMES COLLIS MONTGOMERY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CR-95-273)

Submitted: June 28, 1996

Decided: September 13, 1996

Before HALL and HAMILTON, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Runyon, Jr., Charleston, South Carolina, for Appellant.
Matthew R. Hubbell, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Montgomery pleaded guilty to dealing firearms without a license in violation of 18 U.S.C.A. § 922(a)(1)(A) (West Supp. 1996). Montgomery noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting that the district court may have erred in refusing to grant a downward departure pursuant to USSG § 5K2.0.* Counsel states, however, that in his view there exist no nonfrivolous grounds for appeal. Montgomery was notified of his opportunity to file a supplemental brief, and he has not done so. Finding no error, we affirm.

James Montgomery was a member of the United States Navy stationed in Maryland. While stationed there, Montgomery was the subject of a federal investigation for dealing firearms and drugs. Montgomery was transferred to South Carolina and, while there, he was arrested and prosecuted by state authorities for his drug activities. Montgomery pleaded guilty in state court to possession of marijuana with intent to distribute and was sentenced to two years imprisonment. When Montgomery was released from state prison, he was transferred to federal custody to face prosecution for the firearms violations. Montgomery pleaded guilty in district court to dealing firearms without a license.

The presentence report properly calculated Montgomery's total offense level to be 29. Because of the South Carolina marijuana conviction, Montgomery fell into the second criminal history category. Thus, Montgomery's guideline range was 97-121 months. The offense to which Montgomery pleaded guilty, however, carried a maximum term of imprisonment of five years. Consequently, the district court sentenced Montgomery to 60 months' imprisonment.

_____

*United States Sentencing Commission, Guidelines Manual, (Nov. 1994).

2

During sentencing, defense counsel argued that because Montgomery was transferred straight from state prison to federal custody and the state conviction and federal prosecution flowed from the same general scheme of criminal misconduct, Montgomery was entitled to a downward departure. The district court declined to depart stating that it did not believe that it had the authority to do so.

When the statutory maximum is less than the minimum of the guideline range, the statutory maximum becomes the guideline range. USSG § 5G1.1(a). Thus, in Montgomery's case, a sentence of less than sixty months would be a departure. USSG § 5G1.1, comment. The district court's discretionary decision not to depart is not appealable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, a refusal to depart which is based on the district court's belief that it lacks the authority to depart is reviewed de novo, and may require resentencing if the court is mistaken in thinking it cannot depart. United States v. Hall, 977 F.2d 861, 863-64 (4th Cir. 1992). Here, there was no basis for departure.

As a result of his South Carolina conviction, Montgomery's guideline range was increased. Thus, the Sentencing Commission took into consideration situations such as Montgomery's in formulating the guidelines. See United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991) (departure must be based on reasons not adequately considered by Sentencing Commission in formulating guidelines). Therefore, the district court did not have authority to depart.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED