UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 96-4740

BETTY TUCKER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-95-11)

Submitted: October 31, 1997

Decided: November 24, 1997

Before HALL and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Robert C. Stone, Jr., KISER, STONE & CORDELL, Martinsburg,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Betty Tucker pled guilty to distributing .33 grams of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997), and was sentenced to a term of ninety-seven months imprisonment. She appeals her sentence on the ground that the district court abused its discretion in refusing to depart downward for extraordinary acceptance of responsibility under U.S. SENTENCING GUIDELINES MANUAL § 5K2.0, p.s. (1995). She also contends that the district court failed to understand its authority to depart and clearly erred in finding that she had more than a minor role in the offense under USSG § 3B1.2(b). We affirm in part and dismiss in part.

For the greater part of 1994, Tucker sold crack at her husband's pawnshop. Tucker sold 91.14 grams of crack to informants making controlled purchases. A juvenile was also involved in sales of crack at the pawnshop with Tucker's knowledge. In January 1995, Tucker was arrested on a Maryland drug charge. While she was in custody, Tucker participated in drug and alcohol treatment programs. In July 1995, she was sentenced in Maryland to two years probation with the special condition that she complete a substance abuse and aftercare program in West Virginia. Tucker complied with all the conditions of her probation, lived with her mother and daughters, and found work taking care of a stroke victim.

At sentencing, Tucker requested a downward departure for extraordinary acceptance of responsibility. She presented testimony from her Maryland probation officer and others concerning her rehabilitation and good conduct since she was placed on probation. Defense counsel argued that extraordinary acceptance of responsibility was a permissible ground for departure under Koon v. United States, 116 S. Ct. 2035 (1996), and United States v. Hairston, 96 F.3d 102 (4th Cir. 1996). In Hairston, this court held that a factor which is discouraged as a

2

basis for departure, because it has already been taken into account under the guidelines, may still provide a basis for departure when the factor is present to an extraordinary degree. See Hairston, 96 F.3d at 107-08. The district court agreed with Tucker that a departure was possible on the ground urged. However, because the change in Tucker's outlook and conduct occurred only after she was arrested on state charges and was ordered by the state court to complete substance abuse programs, the district court found that she had not shown extraordinary acceptance of responsibility, and declined to depart. When the district court exercises its discretion by refusing to depart, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

In her reply brief, Tucker argues that the court believed it lacked authority to depart for extraordinary acceptance of responsibility. This is an issue which we review de novo. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Our examination of the record discloses that the district court in fact understood its authority to depart if a departure was warranted, and determined in its discretion that the circumstances did not warrant a departure.

Tucker also contends that the district court clearly erred in determining her role in the offense by failing to compare her culpability with that of her co-conspirators. We disagree. The district court did not err in concluding that Tucker's role as a seller in a drug distribution conspiracy was more than a minor role. See United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir. 1992).

We therefore affirm the sentence and dismiss Tucker's challenge to the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3