UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4375

THEODORE T. RYBICKI,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-93-349)

Submitted: November 25, 1997

Decided: December 29, 1997

Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles F. Daum, Arlington, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Vincent L. Gambale, Assistant United States
Attorney, William G. Otis, Senior Litigation Counsel, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Theodore T. Rybicki, a former United States Secret Service officer, appeals his conviction for conspiracy and perjury. At his initial sentencing, the district court declined to apply a two-level obstruction of justice enhancement for trial perjury, granted a five-level downward departure, and sentenced Rybicki to three years probation with four months of home confinement. The district court based its downward departure on the confluence of six factors.

This court affirmed Rybicki's convictions as well as the district court's refusal, in sentencing him, to enhance his sentence five levels based on the amount of loss to the government. See United States v. Rybicki, Nos. 94-5360, 94-5362, 1995 WL 420001 (4th Cir. July 13, 1995) (unpublished). However, this court vacated his sentence and remanded for resentencing to allow the district court to consider whether Rybicki's sentence should be enhanced for obstruction of justice. See id. Also, this court reversed the district court's downward departure of five levels after finding that the court had erred in relying on factors that the Sentencing Guidelines specify are not ordinarily relevant. See id. The United States Supreme Court subsequently granted Rybicki's petition for a writ of certiorari, vacated the judgment, and remanded the case for further consideration in light of Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664, 94-8842) (holding that a district court's decision to depart from the guidelines in an atypical case is to be reviewed for abuse of discretion). See Rybicki v. United States, 64 U.S.L.W. 3854 (U.S. June 24, 1996) (No. 95-6636). This court then issued a published opinion affirming its earlier decision reversing the five-level downward departure, but based on "modified reasoning" under Koon. See United States v. Rybicki , 96 F.3d 754, 757-59 (4th Cir. 1996). This court found that, because none of the six factors justified the district court's decision to depart downward, the court abused its discretion in granting Rybicki a five-level downward departure. See id. at 759. This court again remanded for reconsideration of the obstruction enhancement. See id. at 760.

On remand, Rybicki moved the court to depart downward from the sentencing guidelines based upon several factors, including the ones

2

he had previously raised. The district court, however, refused to depart downward or to impose a two-level enhancement for obstruction of justice and sentenced Rybicki to eighteen months imprisonment followed by two years of supervised release. Rybicki timely appeals.

On appeal, Rybicki claims that the district court erroneously determined that it did not have the authority to depart downward based on Rybicki's pension loss. At his resentencing on remand, Rybicki argued that the loss of his pension and disability benefits provided a basis for departing downward because the loss of financial entitlement, earned after nineteen and one-half years of military and government service, was an unusually severe consequence flowing from his conviction.

A decision not to depart is normally not appealable. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). However, an appeal may be entertained if the district court's decision was based on an erroneous belief that it lacked the legal authority to depart. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992).

The sentencing transcript reveals that the district court heard argument on the consequences of Rybicki's loss of his pension. We find that the district court considered the pension issue as a basis for a possible departure but found that the facts of this particular case did not warrant a downward departure on that basis. Therefore, Rybicki is precluded from appealing the district court's refusal to depart downward based on the loss of his pension.

Rybicki also alleges that the district court erroneously determined that it lacked the discretion to depart downward based upon: (1) the effect of a felony conviction and imprisonment on an individual in Rybicki's circumstances, a law enforcement officer; and (2) the extreme hardship placed on Rybicki, an experienced firearms trainer and handler, by his felony conviction. Rybicki concedes that this court found that a downward departure based solely on membership in law enforcement constituted legal error. See Rybicki, 96 F.3d at 759. He claims, however, that at resentencing he set forth an individualized basis for departure other than mere membership in the group of law enforcement officers. Rybicki contends that the district court

3

was not precluded from making an individualized determination that he might be exposed to extraordinary punishment as a result of his experience and work detail as a law enforcement officer. We find that this is the same argument expressly rejected by this court in Rybicki, 96 F.3d at 759. This court stated that the factors--that as a law enforcement officer Rybicki will suffer disproportionately when incarcerated and that his status as a convicted felon will constitute sufficient punishment--do not warrant a departure because the first factor is inconsistent with the structure of the relevant guidelines and the second factor is not present to an exceptional degree. See id. Therefore, Rybicki is precluded from appealing the district court's refusal to depart downward based on these two factors.

Accordingly, we affirm Rybicki's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4