**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4822

SEAN GREGORY MITCHELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-97-18)

Submitted: June 30, 1998

Decided: July 28, 1998

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sydney K. L. West, HORNE, WEST & MCMURTRIE, P.C.,
Gloucester, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Dana O. Washington, Special Assistant United States Attor-
ney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sean Gregory Mitchell pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), and was sentenced to a term of 70 months imprisonment. He appeals this sentence, contending that the district court erred in determining that it lacked authority to depart below the guideline range of 70-87 months. We affirm.

Mitchell was arrested during a drug raid. He was carrying a loaded pistol which had been stolen two weeks earlier. He presented three grounds for departure in the district court. First, defense counsel claimed that there were mitigating circumstances in Mitchell's background and surrounding his offense which warranted departure. The exact nature of these circumstances was never spelled out, either in Mitchell's motion for a departure or at the sentencing hearing. Mitchell's appeal brief is equally reticent, referring only to "factors brought forth during the course of the sentencing, both in the presentence report and as presented at the hearing." Second, Mitchell requested a departure under USSG § 4A1.3, p.s.,[1] arguing that his criminal history was overstated because his two unlawful wounding convictions resulted from attempts to defend his guardian from an abusive ex-boyfriend. Last, he argued that a sentence within the guideline range would be disproportionate because his co-defendants received lighter sentences in state court.[2] The district court expressed displeasure with the severity of the guideline sentence but found that the facts did not warrant a departure.

A district court's discretionary refusal to depart is not reviewable on appeal, see United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990), but a decision based on the district court's perceived lack of legal authority to depart is reviewable. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). In this case, the record discloses no

_____

[1] **U.S. Sentencing Guidelines Manual** (1995).

[2] The government represented that Mitchell was prosecuted in federal court because he was in possession of a firearm which had been stolen from a federally registered gun dealer.

uncertainty on the part of the district court as to its authority to depart for overstated criminal history under USSG § 4A1.3. The court found no basis for departure in the facts of the case. Any disparity between Mitchell's sentence and those of his co-defendants did not provide a basis for departure, see United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884); Hall, 977 F.2d at 864, and thus the court's refusal to depart on this ground could not be error. Mitchell presented no argument concerning mitigating circumstances and none are apparent in the presentence report. Therefore, we cannot say that the court misunderstood its authority to depart on this ground. Consequently, we find that the district court's decision not to depart was not the result of an erroneous belief that it lacked authority to depart on any of the grounds Mitchell put forth.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3