**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4010

ROBERT B. CHARLES,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-97-67)

Submitted: July 28, 1998

Decided: August 25, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James B. McIntyre, MCINTYRE & COLLIAS, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Susan
M. Arnold, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert B. Charles pled guilty to one count of mail fraud, 18 U.S.C. § 1341 (1994), and one count of money laundering, 18 U.S.C.A. § 1956(a)(1)(A)(i) (West Supp. 1998). The district court imposed a sentence of thirty-three months imprisonment, refusing Charles' request for a downward departure. On appeal, Charles contends that the district court mistakenly believed that it lacked authority to depart. We affirm.

Charles falsely reported to his insurance company the theft of a Mercedes-Benz he had purchased for $18,500. He also falsely reported to the insurance company that he had made repairs to the Mercedes amounting to more than $13,000. At the time of the reported theft, Charles owed $17,686 to One Valley Bank, which held title to the vehicle. The insurance company paid that amount to the bank to extinguish the lien and, after receiving the title from the bank, paid Charles over $14,000. It was later discovered that Charles still had the Mercedes.

The money laundering count raised Charles' guideline sentence calculation and made him ineligible for probation. Charles requested a downward departure on the grounds that the money laundering guideline produced disproportionately high sentences, that inconsistent charging practices could produce unwarranted disparity, that the money laundering statute was being applied more broadly than anticipated by the Sentencing Commission, and that the Sentencing Commission had recommended amendments to the money laundering guidelines which were not adopted by Congress. At sentencing, defense counsel argued that Charles' conduct in committing the mail fraud was indistinguishable from the conduct which violated the money laundering statute and, thus, a sentence within the guideline range which would have applied had he been convicted only of mail fraud was appropriate. The district court decided that Charles' conduct was not outside the heartland of money laundering cases because

2

Charles had committed additional criminal conduct after the initial fraud when he used the fraud proceeds to pay off the lien on the Mercedes, and that a departure would leave that conduct unpunished.

On appeal, Charles argues that the district court erred in deciding that his case was within the heartland of money laundering cases. Generally, a district court's discretionary refusal to depart is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). A narrow exception permits review if the district court bases its decision not to depart on a mistaken view that it lacks legal authority to depart. Id.; see also United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Here, the court properly concluded that a departure was not warranted on the ground urged by Charles--that his fraud and money laundering conduct was so closely related that he was only technically guilty of money laundering. Section 1956 criminalizes a broad range of financial transactions with funds garnered through a multitude of unspecified unlawful activities, including fraud. See 18 U.S.C.A. §§ 1956(c)(7) (listing federal crimes triggering money laundering provisions). The Eleventh Circuit has recently explained that:

> Congress intended to criminalize a broad array of money laundering activity, and included within this broad array is [transferring fraud profits between bank accounts]. Simply stated, [fraud based] money laundering . . . is of the type considered by Congress and the Sentencing Commission.

United States v. Adams, 74 F.3d 1093, 1102 (11th Cir. 1996).

The district court did not err in finding that it was without authority to depart so as to nullify Charles' money laundering conviction. See id. at 1103.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3