**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4314

OMAR A. MUDIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-94-77)

Submitted: October 6, 1998

Decided: October 23, 1998

Before ERVIN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Benedict P. Kuehne, SALE & KUEHNE, P.A., Miami, Florida, for
Appellant. Helen F. Fahey, United States Attorney, Robert E. Braden-
ham, II, Assistant United States Attorney, Kellam T. Parks, Third-
year Law Student, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Omar A. Mudie appeals the district court's refusal to grant him a downward departure upon resentencing. After a second trial, a jury convicted Mudie of two counts of distribution of cocaine, one count of possession of cocaine with intent to distribute, and one count of possession of cocaine base with intent to distribute. Mudie argues that the district court misconstrued a proper basis to grant a downward departure. We find that the district court properly construed its authority to depart and therefore dismiss the appeal.

This court reviewed Mudie's appeal of the criminal convictions and the Government's appeal of the district court's decision to depart downward from the Sentencing Guidelines range for post-offense rehabilitation.* We affirmed the convictions and vacated the sentence, and remanded for resentencing to eliminate the downward departure and impose a sentence within the original guidelines range. See United States v. Mudie, Nos. 96-4884, 96-4910 (4th Cir. Oct. 14, 1997) (unpublished). At resentencing, Mudie presented new evidence of post-offense rehabilitation. The district court declined to grant a downward departure and sentenced Mudie to a 235-month term of imprisonment within the guidelines range.

_____

*Mudie's first trial ended in a hung jury. A jury found Mudie guilty on all counts at his second trial. The district court ordered a new trial on the ground that the prosecutor made an improper reference to a firearm found in Mudie's car that had been suppressed. The Government appealed. This court reversed the new trial order and reinstated the convictions. See United States v. Mudie, No. 95-5596 (4th Cir. Sept. 5, 1996) (unpublished). The district court then sentenced Mudie to a ten-year term of imprisonment, departing downward from a minimum 235-month sentence. Mudie appealed the convictions and the Government appealed the downward departure.

2

Mudie argues that his post-offense and post-conviction rehabilitation provides a proper basis for departure. When a district court exercises its discretion and refuses to depart, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). However, a refusal is reviewable if the court refuses to depart based on a perception that it lacks legal authority to depart. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). We have held that extraordinary and unusual post-offense rehabilitation provides an appropriate ground for departure. See United States v. Brock, 108 F.3d 31, 35 (4th Cir. 1997).

Mudie argues that the district court's refusal to depart is based upon an incorrect interpretation of the Sentencing Guidelines, and therefore appellate review is proper. We disagree. Mudie concurs that the district court acknowledged that it had the legal authority to depart. He only disagrees with the court's interpretation of what warrants a finding of extraordinary or exceptional post-offense rehabilitation. Because he believes that his rehabilitation efforts are extraordinary or exceptional, he claims that the court made an error of law in refusing to depart. However, because the district court clearly knew that it had the authority to depart, and that post-offense rehabilitation is an allowable ground for departure, the refusal is not reviewable. See Hall, 977 F.2d at 863; Bayerle, 898 F.2d at 31.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3