UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4955

ROBERT EARL BROWN, III,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-97-75-DWS)

Submitted: October 27, 1998

Decided: November 18, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Rene Josey, United States Attorney,
Drenaye L. Houston, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Earl Brown, III appeals his conviction and the sentence he received after he pled guilty to six counts of bank robbery.[1] The court sentenced Brown to 157 months' imprisonment and three years of supervised release. The court also ordered Brown to make restitution in the amount of $15,663.59. Brown's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Brown's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief, but Brown has not filed such a brief on his own behalf.

Brown's counsel first questions whether the district court complied with the requirements of Fed. R. Crim. P. 11 when accepting Brown's guilty plea. We accord great deference to the district court's conduct of the Rule 11 hearing and evaluate alleged Rule 11 violations under a harmless error standard.[2] We will vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights.[3]

Following a de novo review of the entire record, we conclude that the district court complied with Rule 11 in accepting Brown's guilty plea by fully discussing the nature and elements of the charge against Brown, the applicable penalties he faced, including the effect of supervised release, and ensuring that he consulted with and was satisfied with his counsel. The court also addressed the rights Brown forfeited, the impact of the Sentencing Guidelines, and ascertained that there was a factual basis for the plea. Finally, the court questioned

_____

[1] See 18 U.S.C. § 2113(a) (1994).
[2] See United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991).
[3] Id. at 117.

2

Brown to ensure that his plea was voluntary.**4** Accordingly, we find no violation of Rule 11.

Counsel also disputes whether the district court recognized its authority during sentencing to grant a downward departure from the career offender guideline on the basis that such a criminal history category over-represented Brown's criminal history. **5** A decision not to depart is not reviewable, unless the decision was based on the court's mistaken perception that it lacked the power to depart.**6**

Here, the court was aware of its authority to depart from the career offender guidelines but exercised its discretion by refusing to do so. The court denied defense counsel's motion for departure after considering counsel's arguments. Because nothing in the record suggests that the court erroneously believed it lacked the authority to depart, we decline to review the court's decision.

As required by <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Brown's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**4 <u>See</u>** Fed. R. Crim. P. 11(d).
**5 <u>See U.S. Sentencing Guidelines Manual</u>** § 4B1.1 (1995).
**6 <u>See United States v. Hall</u>**, 977 F.2d 861, 863 (4th Cir. 1992).

3