**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4722

MICHAEL MIGUEL COWLES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-98-9)

Submitted: June 15, 1999

Decided: September 13, 1999

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sydney K.L. West, HORNE, WEST & MCMURTRIE, P.C.,
Gloucester, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Laura M. Everhart, Assistant United States Attorney, Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Miguel Cowles appeals from his conviction and sentence for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, and distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1981 & Supp. 1999), 21 U.S.C. § 841(a)(1) (1994), respectively. On appeal, Cowles first challenges the district court's denial of his motion for a continuance. We find that the district court's denial did not deprive Cowles either of a fair trial or his Sixth Amendment right to effective assistance of counsel and, thus, was not an abuse of discretion. See Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Williams, 10 F.3d 1070, 1079 (4th Cir. 1993).

Next, Cowles claims that the evidence was insufficient to support his conviction for conspiracy to distribute crack cocaine. We have reviewed the record and find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found Cowles guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We therefore sustain the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Cowles next challenges the district court's two-point enhancement of his offense level pursuant to USSG § 3B1.1(c), for his role as a leader in the drug conspiracy. While the trial testimony is somewhat unclear as to whether the drug dealers to whom Cowles distributed crack cocaine actually were recruited by Cowles, a review of the record as a whole reveals that Cowles clearly was a leader in the drug distribution network. See U.S. Sentencing Guidelines § 3B1.1, comment. (n.4) (1997). Accordingly, we cannot say that the district court's enhancement of Cowles' offense level was clearly erroneous. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996).

2

Cowles also claims that the district court clearly erred in applying a two-level enhancement pursuant to USSG § 2D1.1(b)(1), for possession of a firearm during the offense of the conviction. We find that the court's decision was a factual determination based solidly on trial testimony and hence not clearly erroneous. See United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992).

Finally, Cowles claims that the district court erred by failing to make a downward departure from the applicable guideline range, pursuant to USSG § 5K2.0. Absent circumstances not present here, a decision not to depart is not reviewable. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992); United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

Accordingly, we affirm Cowles' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3