UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

YITSCHAK EBERT, a/k/a Isaac, d/b/a

No. 99-4877

M&I Distributors, Incorporated,
a/k/a Isaac Ebert, a/k/a Issac Ebert,
a/k/a Yitzchok Ebert,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-95-84-BR)

Submitted: August 2, 2000

Decided: September 21, 2000

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David I. Schoen, Montgomery, Alabama, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, John Stuart Bruce, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Yitschak Ebert was convicted of one count of conspiracy to commit money laundering and to receive stolen property, and several substantive counts. On appeal, we affirmed the conspiracy conviction but vacated the substantive convictions on venue grounds. We remanded for dismissal of the vacated charges and resentencing on the conspiracy conviction. United States v. Ebert, No. 96-4871 (4th Cir. May 3, 1999) (unpublished). The district court resentenced Ebert to fifty-two months imprisonment followed by three years supervised release. Ebert appeals.

On appeal, Ebert asserts that the district court did not comply with Fed. R. Crim. P. 32. We review a district court's application of Rule 32 to ensure it is not clearly erroneous. United States v. Souther, ___ F.3d ___, No. 99-4582 (4th Cir. July 18, 2000). Having reviewed the record on resentencing, we find no such error.

Ebert also asserts that the district court erred in using U.S. Sentencing Guideline § 2S1.1 (1998), governing money laundering, rather than U.S.S.G. § 2B1.1 (1998), regarding receipt of stolen property, to determine the offense level for his sentence. Having considered all of Ebert's arguments on this issue, we conclude that, to the extent this issue is not foreclosed by the mandate rule, United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), the district court correctly followed the guidelines in determining Ebert's offense level. In addition, that the district court departed downward from the guidelines range in a codefendant's sentence is irrelevant to Ebert's sentence, see United States v. Hall, 977 F.2d 861, 864 (4th Cir. 1992), and the district court used an appropriate dollar amount in computing the sentence. Therefore, these claims lack merit.

We reject Ebert's claim that the jury's calculation of the amount forfeited should have been recalculated. Section 982(a)(l) (West

2

2000) authorizes forfeiture of property involved in an offense in violation of 18 U.S.C.A. § 1956 (West Supp. 2000). Section 1956(h) provides that conspiracy to commit money laundering offenses is subject to the same penalties as the substantive offense. The jury's forfeiture verdict specified both the money laundering conspiracy charge and the substantive counts of money laundering. Therefore, when the substantive counts were vacated, the forfeiture verdict remained valid.

Ebert's final claim, that the case should be remanded for a hearing on his motion for disclosure of evidence, also lacks merit. Nothing in the record suggests that Kazinec supplied inaccurate information about Ebert to the Government. The district court did not abuse its discretion in denying the motion.

We affirm the sentence imposed by the district court on remand. We deny Ebert's motion for oral argument. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3