**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GILBERTO CANDELA-MARIN,
　　　　　*Defendant-Appellant.*

No. 01-4784

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-155)

Submitted: April 3, 2002

Decided: April 12, 2002

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gilberto Candela-Marin appeals his fifty month sentence following his plea to one count of unlawful entry into the United States after deportation for an aggravated felony in violation of 8 U.S.C.A. § 1326(a) and (b)(2) (West 1996). Candela-Marin's attorney noted a timely appeal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no arguable issues of merit presented by this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in declining to depart downward from the applicable sentencing guideline range based upon Candela-Marin's close ties to and dependence on his family. Candela-Martin contends the court should have treated his close connection with his family as a factor mitigating his unlawful re-entrance into the United States subsequent to his deportation.

Candela-Marin's claim lacks merit. A district court's decision not to depart is unreviewable unless it is based on a mistaken perception that the court lacks authority to depart. *United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992). Candela-Marin has not provided any evidence that the district court mistakenly believed it lacked authority to depart. Therefore, the district court's decision not to depart is unreviewable. *Id.* Further, he has not identified any extraordinary hardships upon himself or his family that would warrant an inquiry into a possible downward departure. *See United States v. Bell*, 974 F.2d 537, 538-39 (1992).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*