**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4963**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM CLIFTON STACEY, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00122-TDS-1)

Submitted: June 27, 2014                    Decided: July 9, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, PLLC, Durham, North Carolina, for Appellant. Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Clifton Stacey, Sr., pled guilty in separate proceedings to one count of mail fraud and one count of making false statements. The district court sentenced him to 63 months' imprisonment. Stacey appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Stacey was competent to aid in his defense, whether his guilty pleas were valid, and whether the sentence imposed is reasonable. Stacey filed a pro se supplemental brief asserting that he was not competent to aid in his defense, challenging the adequacy of the Government's evidence, and asserting that trial counsel provided ineffective assistance. We affirm Stacey's convictions and sentence.

Because Stacey did not contest the Fed. R. Crim. P. 11 proceedings in the district court, we review his challenge to the validity of his pleas for plain error. See Fed. R. Crim. P. 52(b); United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in accepting Stacey's guilty pleas and committed no plain error.

Stacey asserts that the district court erred in finding him competent. Prior to the Rule 11 hearings, Stacey

2

underwent a pre-trial competency evaluation. In light of the results of that evaluation and counsel's observations and interaction with Stacey, counsel did not request a competency hearing. Moreover, during the plea hearings, the district court expressly found Stacey competent to enter the guilty pleas. This finding was supported by Stacey's responses to the court's inquiries and the fact that he was able to provide explanations of his medical conditions and details of the offense conduct. We find no clear error in the court's determination that Stacey possessed a "rational as well as factual understanding of the proceedings against him," Dusky v. United States, 362 U.S. 402 (1960), and that he was able to assist counsel with his defense. See Godinez v. Moran, 509 U.S. 389, 402 (1993).

We review Stacey's sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

Stacey challenges the sophisticated means enhancement imposed by the district court. In determining that Stacey employed sophisticated means in his mail fraud scheme, the court noted that Stacey assisted Curetech Industries, Inc., in preparing a brochure and video to promote the benefits of this

3

drug compound that he allegedly invented. He gave the materials to potential investors and also provided pills, creams, and lotions that purportedly contained the new drug, which he claimed — based on fabricated clinical studies — could cure diabetes and cancer. The court found that the product samples, the professional-looking promotional materials, and Stacey's false representations that he was a scientist, supported the sophisticated means enhancement. We find no clear error in the imposition of this enhancement. See United States v. Noel, 502 F. App'x 284, 290 (4th Cir. 2012) (providing standard of review), cert denied, 134 S. Ct. 366 (2013); United States v. Jimwright, 683 F.3d 471, 486 (4th Cir. 2012) (providing that court considers "cumulative impact of the criminal conduct" to determine whether scheme is "sophisticated"), cert. denied, 133 S. Ct. 843 (2013).

Stacey also contends that the district court abused its discretion by denying his request for a downward departure based on his numerous physical, psychological, and neurological ailments. A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed that it lacked authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008); United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). The district court expressly noted Stacey's medical needs, acknowledged its

4

authority to depart, but declined to do so. Because the court was under no misperception as to its authority, its refusal to depart is not subject to appellate review. See United States v. Edwards, 188 F.3d 230, 238 (4th Cir. 1999).

Stacey also contends that the 63-month sentence is unreasonable because of his numerous medical, psychological and neurological ailments. We note that the district court properly calculated Stacey's advisory Guidelines range and heard argument from counsel and allocution from Stacey. The court considered the 18 U.S.C. § 3553(a) (2012) factors, explaining that a within-Guidelines sentence was appropriate in light of the factors. The court did consider Stacey's medical conditions in mitigation, but determined that he could receive appropriate treatment in the Bureau of Prisons. Reviewing the reasonableness of this sentence, we defer to the district court's decision that this sentence achieved the purposes of sentencing in Stacey's case. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."). Stacey has failed to overcome the appellate presumption that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in imposing sentence.

Stacey also avers that his attorney provided ineffective assistance. To establish ineffective assistance of counsel, Stacey must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Here, the record does not conclusively demonstrate that counsel was ineffective. As such, Stacey's claims are not cognizable on direct appeal; instead, he can bring these claims in a 28 U.S.C. § 2255 (2012) proceeding where he can further develop the record.

In accordance with Anders, we have examined the entire record in this case and have found no meritorious issues for review. Accordingly, we affirm Stacey's convictions and sentence. This court requires that counsel inform Stacey, in writing, of his right to petition the Supreme Court of the United States for further review. If Stacey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stacey. We dispense

6

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED